John W. Sweeny, J.
Petitioner in this article 78 proceeding has been attempting without success to obtain information from the State training school records of one James Bronson by various applications to the court over the last two and one-half years.
A direct application for said records made pursuant to subdivision 4 of section 372 of the Social Services Law was denied by the court (O’Gorman, J.) by decision dated December 3, 1971. Although by that proceeding petitioner sought the records of the Otisville State Training School only to discover the identity of the petitioner’s assailant, her application was denied because she had no standing to review the training school records under subdivision 3 of section 372 of the Social Services Law.
On February 8, 1974 two more orders in this action, which is pending in the Court of Claims, were issued by this court (Green, J.). Petitioner was again denied the right to examine directly the records of the training school; however, she was *59 granted the right to a hearing under subdivision 4 of section 872 of the enactment with respect to her right to inspect the records of the Department of Social Services.
At the hearing which ensued it was agreed that petitioner would be entitled to inspect the record of the department. However, it developed that this record consisted of only an index card which contained little more than statistical data (age, religion, etc.).
Since petitioner’s claim against the State requires some evidence that the authorities involved had prior knowledge of the dangerous propensities of her assailant, the instant petition, in the nature of a writ of mandamus was brought in an attempt to have the court direct the board to obtain the further records required by section 372 (subd. 1, par. [j]) of the Social Services Law. It is petitioner’s intention to bring yet another petition to inspect the board’s records pursuant to paragraph 4 when these records are completed. The respondent has cross-moved to dismiss on various grounds.
The basis of petitioner’s claim herein is the fact that although section 372 (subd. 1, par. [j]) required the Otisville State Training School to make reports to the respondent board and implicitly required the board to insist upon submission of such report, complete records, within the intention of paragraph (j), were not in fact kept with respect to this boy.
This court believes that the petitioner, as a person with certain rights under subdivision 4 of section 372, has sufficient standing to present a petition for an order directing enforcement by the ¡board of the duty mandated by paragraph (j) of subdivision 1 to maintain the records in question (cf. Matter of Andresen v. Rice, 277 N. Y. 271, 281).
A review of the index card indicates that it does not contain all the information required by section 372 (subd. 1, pars, [a][j]). The cryptic notations thereon show that James Bronson was apparently transferred to New Hampton Training School on November 3, 1970 and then to Otisville Training School on May 20, 1971, just one month before the alleged assault upon petitioner. However, there are no reasons stated for the transfers as apparently required by paragraph (j),.
The question now presented to this court is whether the board should now be directed to do something that should have been done in 1970 and 1971.
Since the nature of this proceeding is that of a writ of mandamus to compel the respondent to perform a duty imposed by law she is not bound by the four-month Statute of Limitations *60 of CPLR 217 (cf. Practice Commentaries of Prof. McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7-B, CPLR, pp. 506-509). The petitioner could not have had any knowledge of the incompleteness of respondent’s records until April, 1974 when a copy of same was first released to her counsel. Therefore, there can be no claim of laches in this case.
Although the petitioner has standing and is not time barred, the court believes that under the circumstances of this ease an order compelling respondent board to itself compel the various institutions in which 'James Bronson had been placed to now state reasons for any act performed (transfers, etc.) in reference to said boy in 1970 and 1971 would be meaningless. The performance of the ministerial acts in question, which call for conclusions, by their very nature should have been made at the time of the performance of the acts. Any attempt to now formulate reasons for administrative acts performed three and four years ago would result in nothing more than educated guesses. Such a result would not serve the purpose of the statute or the objective of the petitioner herein and would constitute at this late date the performance of useless administrative acts which this court is not bound to enforce. (Cf. Matter of Lindgren, 232 N. Y. 59.)
Additionally, the court notes the fact that both institutions in question have been closed for some years and that it would be impossible for these defunct institutions to formulate reasons for decisions which were made years ago.
Accordingly, the petition is dismissed.